```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------- x
                                   :
  UNITED STATES OF AMERICA         :
                                   :
        - v-                       :
                                          10 CR. 654 (HB)
                                   :
  DOMINICK P. CAROLLO,                    OPINION AND ORDER
  STEVEN E. GOLDBERG, and          :
  PETER S. GRIMM,
                                   :
                  Defendants.
                                   :
---------------------------------- x
```

**Hon. HAROLD BAER, JR., District Judge:**

Before the Court is the Government's "Motion to Clarify or Reconsider the Applicability of Section 3293's Ten-Year Statute of Limitations to Counts Four and Five." On August 25, 2011, I dismissed Count Seven of the Superseding Indictment filed on May 31, 2011 (the "Indictment") holding that the ten-year statute of limitations provided by 18 U.S.C. § 3293(2) for offenses that affect financial institutions was inapplicable in the absence of any actual loss or a non-*de minimis* risk of loss by a financial institution. On September 1, 2011 the Government filed the present motion asking the Court to clarify that its Order does not preclude the Government from (i) offering evidence at trial that Financial Institution A suffered an actual loss of $160 million that it paid in penalties, disgorgement, and restitution for its knowing participation in the conspiracies alleged in Counts Four and Five, and (ii) obtaining a jury instruction on § 3293 with respect to Counts Four and Five if the evidence establishes a factual basis for the requisite effect on a financial institution. Alternatively, the Government asks this Court to reconsider its decision in light of the actual loss incurred by Financial Institution A in this case and allow the Government to show the actual effect at trial. For the following reasons the Government's motion is denied.

## I. BACKGROUND

On July 1, 2011, Dominick Carollo, Steven Goldberg and Peter Grimm ("Defendants") filed a Motion to Dismiss the Indictment as barred by the statute of limitations and a Motion to

1

Compel a Detailed Bill of Particulars. Additionally, Defendant Goldberg, joined by Defendant Carollo, filed a Motion to Dismiss several counts as multiplicitous. The Government opposed the motions and with respect to the statute of limitations issue argued that Counts Four, Five and Seven were subject to the ten-year statute of limitations provided by 18 U.S.C. § 3293(2) because the alleged offenses affected a financial institution. The Government focused on the legal applicability of § 3293 to this case and argued that it is not required to prove its case in advance of trial. Apart from § 3293, the Government also argued that the conspiracies alleged in Counts One through Six fell within the five-year statute of limitations period because the alleged conspirators committed overt acts in furtherance of the conspiracies (the payments at suppressed rates) within that period. Defendants argued that the Government had not sufficiently alleged any direct affect on any financial institution and that the payments did not qualify as overt acts.

I granted the motions in part and denied them in part. I agreed with the Government that the payments constitute overt acts in furtherance of the conspiracies and therefore ordered the six conspiracy counts to proceed to trial. I also concluded that the wire fraud scheme alleged in Count Seven was time-barred because the financial institutions had suffered no actual loss but only, at most, a *de minimis* risk of loss. Finally, I denied the Motion to Compel a Detailed Bill of Particulars and Motion to Dismiss several counts as multiplicitous. The Government's present motion concerns my decision that § 3293 is inapplicable to Counts Four and Five.

## II. DISCUSSION

### A. Motion to Clarify

My ruling that § 3293 could not be used to save Count Seven was applicable as well to Counts Four and Five. In my August 25 Opinion, my discussion of the applicability of § 3293 was limited to Count Seven because it was not necessary to discuss the issue in the context of Counts Four and Five since with respect to Counts One through Six the Government alleged that the Defendants received payments at suppressed rates, and I held that those payments constituted overt acts that took place within the applicable five-year statute of limitations period. The requirements for § 3293 to be applicable to Count Seven apply with equal force to Counts Four and Five, and the Government has offered nothing to suggest otherwise.

### B. Motion for Reconsideration

Although neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules of this Court address the proper standard for a motion for reconsideration in criminal cases,

2

courts in this district have applied the standard of Local Rule 6.3. *See, e.g.*, *United States v. Kerik*, 615 F. Supp. 2d 256, 276 n.27 (S.D.N.Y. 2009); *United States v. Leaver*, 358 F. Supp. 2d 273, 277 n.14 (S.D.N.Y. 2005). Motions for reconsideration are strictly evaluated and "generally are 'denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.*, No. 8 Civ. 10518, 2011 WL 1347001, at *1 (S.D.N.Y. April 4, 2011) (quoting *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995)). It is beyond peradventure that a party may not re-litigate an issue already decided by the Court simply because of a disagreement with the Court's determination. The grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence not previously available, or the need to correct a clear error or prevent manifest injustice. *Women's Integrated Network, Inc.*, 2011 WL 1347001, at *1 (S.D.N.Y. April 4, 2011) (citing *Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *In re Zyprexa Products Liab. Litig.*, 653 F. Supp. 2d 181, 182 (E.D.N.Y. 2009) (citing *Doe v. N.Y.C. Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Nnebe v. Daus*, No. 06 Civ. 4991, 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006). As the Government has not shown that the Court overlooked any controlling law or new evidence not available to it at the time of my decision, nor that reconsideration is necessary to prevent manifest injustice, it has failed to sustain its burden on this motion.

**1. It was permissible to rule on the statute of limitations issue pretrial.**

The Government contends that the Court ought not to have ruled on the Defendants' statute of limitations defense at the motion to dismiss stage, again a little late and a little wrong. "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). As the Second Circuit has explained, "[t]he general issue in a criminal trial is, of course, whether the defendant is guilty of the offense charged." *United States v. Doe*, 63 F.3d 121, 125 (2d Cir. 1995). Therefore, ordinarily a defendant may not raise in a pretrial motion a defense to liability; however, resolution of a statute of limitations issue pretrial does not go to the general issue of liability and "protects the defendant from having to defend against stale charges." *Kerik*, 615 F. Supp. 2d at 268 n.14.

The Government argues that an indictment is sufficient if it alleges the offense's elements, fairly informs a defendant of the charge, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. 09/01/2011 Gov.'s Mem. in Supp. of Mot. to Clarify or Reconsider ("Gov.'s Mem.") at 5 (citing *United States v. Stavroulakis*, 952 F.2d 686, 693 (2d Cir. 1992)). The Government, relying principally on a Supreme Court case from shortly after the Civil War, argues that the Court should reserve decision on the statute of limitations issue until trial because an indictment need not negate an affirmative defense based on the statute of limitations. Gov.'s Mem. at 5-6 (citing *United States v. Cook*, 84 U.S. 168, 178-80 (1872)). However, the Government's reliance on *Cook* is misplaced. The *Cook* Court stated that courts "will not quash an indictment because it appears upon its face that it was not found within the period prescribed in the limitation, as such a proceeding would deprive the prosecutor of the right to reply or give evidence ... that the defendant fled from justice and was within the exception." 84 U.S. at 179-80. Here, the Government had the opportunity to provide evidence, or at least allege facts sufficient to withstand the statute of limitations defense but elected not to do so.

Indeed, courts in this Circuit have dismissed indictments pre-trial on the basis that the government has failed to overcome a statute of limitations defense. *See, e.g.*, *Kerik*, 615 F. Supp. 2d at 277.[1] In *Kerik*, this Court rejected the government's argument that consideration of the issue pre-trial was premature and dismissed a wire fraud count as barred by the statute of limitations. *Id.* at 268 n.14, 277. The Court further explained that where the government was on notice that the defendant moved to dismiss various counts on statute of limitations grounds and had ample opportunity to proffer any evidence to defeat the defense, the government's assertion that it had not made a full proffer of evidence did not relieve the Court of its obligation to resolve the motion on the record developed by the parties. *Id.* at 270 n.16.

In its motion papers and at oral argument on this motion, the Government essentially argued that the Court's decision was premature and that the Government had not made a full

---

[1] Courts have also denied pre-trial motions based on statutes of limitations grounds, not as premature, but on their merits. *See, e.g.*, *United States v. Widman*, No. 08 Cr. 194, 2009 U.S. Dist. LEXIS 11946 (D. Conn. Feb. 19, 2009) (denying the motion to dismiss because the Indictment alleged that Mr. Widman engaged in willful, affirmative acts of evasion within the statute of limitations period); *United States v. Scotto*, No. 06 Cr. 312, 2006 WL 2494430, at *2 (S.D.N.Y. Aug. 29, 2006) (denying the motion to dismiss because "the Government alleges that it can prove Scotto engaged in a course of conduct to evade payment of taxes for which he was responsible, and that some of those acts fell within the applicable statute of limitations"); *United States v. Feldman*, 731 F. Supp. 1189, 1195 (S.D.N.Y. 1990).

4

proffer of evidence in its response to the motion to dismiss. Indeed it was not until the present motion that the Government argued Financial Institution A suffered any actual loss.[2] As in *Kerik*, here the Government was on notice that Defendants raised the statute of limitations defense and the Government had ample opportunity to present evidence on the issue, but elected instead to rely on its argument that the prospect of litigation expenses was sufficient to allow the Government to rely on the ten-year statute of limitations under § 3293. Indeed, had the Government made the proffer of evidence at the motion to dismiss phase that it has made in this motion for reconsideration, the outcome may have been different. Again, the law does not entitle a party to re-litigate an issue in a motion for reconsideration upon the realization that it's litigation strategy failed the first time. *See Women's Integrated Network, Inc.*, 2011 WL 1347001, at *1; *In re Zyprexa Products Liab. Litig.*, 653 F. Supp. 2d at 182; *Nnebe*, 2006 WL 2309588, at *1.

**2. The Court did not overlook any controlling law.**

Given that I find it was proper to rule on the statute of limitations issue at the motion to dismiss phase, I must now determine if there are any grounds for me to reconsider my ruling that § 3293 is not triggered when the Government fails to allege that a financial institution suffered any actual loss. Several courts in other Circuits have concluded, or at least suggested, that an increased risk of loss is sufficient to trigger § 3293. *See, e.g.*, *United States v. Serpico*, 320 F.3d 691, 694-95 (7th Cir. 2003) (holding the district court did not err when it instructed the jury that the schemes affected the banks if they "exposed the financial institution[s] to a new or increased risk of loss. A financial institution need not have actually suffered a loss in order to have been affected by the scheme."); *United States v. Colton*, 231 F.3d 890, 907 (4th Cir. 2000); *United States v. Hord*, 6 F.3d 276, 282 (5th Cir. 1993) ("risk of loss, not just loss itself, supports conviction" for bank fraud); *but see United States v. Agne*, 214 F.3d 47, 52 (1st Cir. 2000) (holding that "[e]ven assuming, without deciding, that being exposed to a risk of loss is sufficient to 'affect' a bank … we cannot agree with the district court that this defendant created such a risk."). However, there is no controlling authority on the subject from this Circuit or the Supreme Court. As I explained, "[a]lthough Congress intended the language 'affects a financial

---

[2] The Government admits that although "the Indictment implicates Financial Institution A in Counts Four and Five, it does not, as the Court rightly observed, allege the bank's actual losses or the risk of further loss." Gov.'s Mem. at 5. At oral argument on the motion to dismiss, although the Defendants argued that the Government had not alleged any actual loss (Tr. at 4:14-20), the Government did not respond that the Financial Institutions suffered any actual loss but simply argued that exposure to litigation costs was sufficient to trigger § 3293. (Tr. at 27-29.)

5

institution' to be broadly construed ... this Court cannot interpret § 3293 to be so broad as to allow a ten-year statute of limitations to apply where, as here, the government has not alleged that the financial institutions suffered any actual loss or at most the risk of loss is *de minimis*." *U.S. v. Carollo*, No. 10 Cr. 654 (HB), 2011 WL 3875322, at *2 (S.D.N.Y. Aug. 25, 2011) (citing *United States v. Bouyea*, 152 F.3d 192, 195 (2d Cir. 1998)). In other words, based on the record at the time of my decision on the motion to dismiss, and even if on that record it was appropriate to consider whether an increased risk of loss alone was sufficient to trigger § 3293, this case would be the wrong case in which to take such a leap. Additionally and somewhat troublesome is the Government's last ditch effort to proffer evidence about the effect on Financial Institution A and contend that such a proffer is grounds for me to reconsider my decision when in fact it had that information available at the time it responded to the motion to dismiss and decided to keep it to itself.

### III. CONCLUSION

For the foregoing reasons the Government's motion is denied. The Clerk of Court is instructed to close this motion (Dkt. # 55).

SO ORDERED

New York, New York
October 20, 2011

HAROLD BAER, JR.
**United States District Judge**